UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>ERIC LEROY ADAMS, ET AL.<br><br>　　　　　　　　　　　　Defendants. | 24-CV-1897 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated April 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action under the court's federal question jurisdiction. Named as Defendants are: (1) New York City Mayor Eric Adams; (2) the City of New York; (3) former New York City Mayor Bill De Blasio; (4) the New York City Department of Health and Mental Hygiene ("NYCDOH"); (5) NYCDOH Commissioner Dave A. Choksi; (6) the United States of America; (7) the Center for Disease Control & Prevention ("CDC"); (8) former CDC director Rochelle Paula Walensky; (9) the National Institutes of Health ("NIH"); (10) former director of the National Institute of Allergy and Infectious Diseases Anthony Stephen Fauci; (11) the World Health Organization ("WHO"); (12) Pfizer, Inc.; (13) Moderna, Inc.; (14) the Eco-Health

Alliance ("EHA"), a nonprofit organization;[1] (15) X Corp. (formerly Twitter); (16) Alphabet Inc., the owner of Google; and (17) Meta Platforms, Inc., the owner of Facebook.

For the purposes of this order, the Court will refer to the City of New York, Adams, De Blasio, NYCDOH, and Choksi as the "City Defendants"; it will refer to the United States, CDC, Walensky, NIH, and Fauci as the "Federal Defendants"; it will refer to Pfizer and Moderna as the "Pharmaceutical Defendants"; and it will refer to X, Alphabet, and Meta as the "Social Media Defendants."

The following allegations are taken from the complaint, which is 116 pages long and attached to an additional 199 pages of exhibits. On August 16, 2021, the then-Mayor of the City of New York, Bill De Blasio issued Emergency Executive Order #225 ("EEO 225"), which required vaccination for all indoor entertainment, recreation, dining, and fitness in the City. (ECF 1, at 17.) On August 31, 2021, Mayor De Blasio issued Executive Order #78 ("EO 78"), which required all City employees and employees of City contractors who either show proof of vaccination, or proof of negative Covid tests each week. (*Id.*) On December 13, 2021, NYCDOH Commissioner Choksi issued an order, which went into effect on December 27, 2021, requiring all employers in the City to exclude any employee who was not vaccinated. (*Id.* at 18.) These orders did not contain an exception for "those recovered from Covid, who have natural immunity." (*Id.* at 18.) Plaintiff alleges that he contracted Covid in late 2020, and he therefore "possess natural immunity, rendering any vaccination procedure medically unnecessary." (*Id.* at 21.)

---

[1] Plaintiff alleges that EHA "specializes in studying diseases stemming from deforestation and increased human-wildlife interaction. The organization's research encompasses a range of illnesses, including SARS, Nipah virus, MERS, Rift Valley fever, Ebola, and COVID-19." (*Id.* at 46.)

Plaintiff was interested in a job with the New York City Department of Sanitation as a contract manager, "which has been [his] line of work for about thirty years." (*Id.* at 11.) It was "a very unique position, and Plaintiff is and was uniquely qualified." (*Id.* at 22.) He "tried to apply for the job, but was not permitted to even apply for this job as he is not vaccinated." (*Id.* at 11.) Plaintiff alleges that "he went online with an effort to apply for a job and was greeted with a very clear statement saying, 'As of August 2, 2021, all new hires must be vaccinated against the COVID-19 virus, unless they have been granted a reasonable accommodation for religion or disability.'" (*Id.* at 22-23.) Because Plaintiff did not have grounds for a religious or disability accommodation, he maintains that he could not have applied for any of the permitted exemptions. (*Id.* at 23.) He further asserts that "[f]orcing" him to vaccinate even though he had "natural immunity . . . would be putting him at a significant risk unnecessarily" and would be "stripping him of his constitutional rights." (*Id.* at 24.)

> Plaintiff alleges that
>
> [t]he United States executive branch administration, including bodies such as the NIH, CDC, individuals like Dr. Walensky, and Dr. Fauci, as well as organizations like the WHO, Pfizer, Moderna, and others, actively promoted Covid-19 vaccines while allegedly concealing adverse effects, misrepresenting efficacy, and contributing to the issuance of NYC Vaccine Mandates.

(*Id.* at 29.) Moreover, "[s]ocial media giants like Facebook, Google, and Twitter purportedly colluded with the federal government with pharmaceutical companies like Pfizer and Moderna to censor dissenting views that contradicted the official narrative on vaccines." (*Id.* at 29.) These entities "conspired to deprive [Plaintiff] (and those similarly situated) of their rights, coercing them into vaccination under the threat of significant harm." (*Id.* at 29.)

The Federal Defendants engaged in "dissemination of misinformation, distortion of data, and deceitful practices in their zealous promotion of widespread vaccination across the American population." (*Id.* at 44.) They "provided advice, issued guidance and recommendations,

encouraged, and facilitated the implementation of vaccination campaigns." (*Id.* at 44.) The WHO "create[ed] guidance and advocat[ed] for global vaccination initiatives without conducting thorough tests and studies to validate the safety and efficacy of such measures." (*Id.* at 45.)

Pfizer and Moderna "actively promoted and distributed their respective vaccines, despite being aware of inadequacies in the vetting process, insufficient studies, and limited testing protocols." (*Id.* at 45.) The Pharmaceutical Defendants "align[ed] themselves" with the other defendants and "contributed to the dissemination of misleading information regarding the effectiveness and benefits of the vaccines." (*Id.* at 46.) They were also "complicit in encouraging censorship programs aimed at suppressing any information that case doubt on their assertions." (*Id.* at 46.)

Plaintiff asserts that EHA "in collaboration with the NIH and Dr. Fauci, allegedly engineered the COVID virus with the approval and support of the United States government." (*Id.* at 48.)

On November 1, 2022, Mayor Adams rescinded the December 2021 employer vaccine mandate. (*Id.* at 50.) On February 10, 2023, Mayor Adams rescinded the municipal employee vaccine mandate. (*Id.* at 50.) On March 6, 2023, Mayor Adams ended the vaccine mandate for indoor public facilities. (*Id.* at 50.)

In addition to being discouraged from applying for the Department of Sanitation job, Plaintiff alleges, without providing any factual support, that his company, National Environmental Group, LLC, "was obstructed from pursuing numerous lucrative international projects," including "a significant $285 million power plant contract with a member of Dubai's royal family." (*Id.* at 56.) He alleges no facts connecting this alleged injury to any acts or omissions of the Defendants. Plaintiff also "experienced significant emotional distress due to be

5

denied access to various public spaces in New York City." (*Id.* at 57.) For example, Plaintiff was unable to visit "his cherished movie theater," "[d]eprived of access to the gym," and "barred from visiting indoor malls." (*Id.* at 57.) Being unable to enjoy these public spaces "resulted in profound anguish comparable to imprisonment." (*Id.* at 57.)

Plaintiff asserts the following "causes of action": (1) claims under the Fifth, Ninth, and Fourteenth Amendments for violation of his "right to refuse unwanted and medically unnecessary care"; he brings these claims against the City Defendants for the "direct violation" and against all other defendants, except EHA, for "aiding and abetting" the "direct violation" (*id.* at 60); (2) unconstitutional "conditions" and violations of his right to due process, against the City Defendants for the "direct violation" and against all other defendants, except EHA, for "aiding and abetting" (*id.* at 70); (3) equal protection claims against the City Defendants for the "direct violation" and against all other defendants, except EHA, for "aiding and abetting" (*id.* at 82); (4) claims for false imprisonment against the City Defendants for the "direct violation" and against all other defendants, except EHA, for "aiding and abetting" (*id.* at 85);[2] (5) Section 1983 "deprivation of rights" against the City Defendants, the Federal Defendants, the Social Media Defendants, the pharmaceutical companies, and the WHO (*id.* at 87); (6) claims against the City Defendants that the City's vaccine mandates violate federal Emergency Use Authorization ("EUA") statutes (*id.* at 89)[3]; (7) claims against the City of New York and the NYCDOH that the

---

[2] "The plaintiff contends that his situation constitutes false imprisonment, arguing that confinement extends beyond physical containment. While he is not confined to his residence, he is completely restricted from accessing various public venues, as outlined extensively in the Executive Order." (*Id.* at 85.)

[3] Plaintiff asserts that the EUA statute mandates "informed and voluntary consent," and that "[s]ince the NYC Vaccine Mandates coerces Plaintiff by making enjoyment of his constitutionally and statutorily protected bodily integrity and informed consent rights contingent upon receiving an experimental vaccine, it cannot be reconciled with the letter or spirit of the EUA statute." (*Id.* at 90 (citing 21 U.S.C. § 360bbb-3).)

6

vaccine mandates are "arbitrary and capricious" (*id.* at 95); (8) New York constitutional claims for equal protection against the City Defendants (*id.* at 98); (9) claims against the City Defendants that the vaccine mandates are a violation of the "separation of powers doctrine" (*id.* at 101), which appear to refer to the New York City Charter; (10) claims against the City Defendants for violations of New York State "Public Health Law" (*id.* at 105); (11) First Amendment claims for "illegal censorship" against the Federal Defendants, the Social Media Defendants, and the pharmaceutical defendants (*id.* at 107-08); (12) tort claims against all defendants for breach of fiduciary duty, negligent infliction of emotional distress, and "injurious falsehoods" (*id.* at 110); and (13) negligence claims against Fauci, NIH, the United States, and EHA (*id.* at 112).

Plaintiff seeks a variety of declaratory and injunctive relief, as well as money damages.

Plaintiff has previously brought a similar action against the City of New York, in which he asserted various constitutional claims under Section 1983 arising from the City's enactment of EEO 225, which required persons to be vaccinated against Covid-19 in order to enter certain indoor venues, and EO 78, which required employees of the City to be vaccinated or take weekly tests for COVID-19. In that action, Plaintiff alleged substantially the same facts as he does in this action and, as he does in this action, he asserted that the executive orders violated his constitutional rights to equal protection and bodily integrity, and subjected him to false imprisonment. By order dated February 4, 2022, Judge Paul A. Engelmayer denied Plaintiff's request for a preliminary injunction after engaging in extensive discussion of Plaintiff's claims, including his likelihood of success on the merits. ECF 1:21-CV-8071, 24.[4]

---

[4] Plaintiff appealed the court's order and, by order dated June 16, 2022, the Court of Appeals for the Second Circuit dismissed the appeal because "it lacks an arguable basis in law or in fact." No. 22-268 (2d Cir. June 16, 2022) (internal quotation marks and citation omitted).

By order dated July 15, 2022, Judge Engelmayer granted the City's motion to dismiss for substantially the same reasons the court cited in denying Plaintiff's motion for preliminary injunctive relief. ECF 1:21-CV-8071, 34. Plaintiff filed a notice of appeal, and, by order dated May 8, 2023, the Court of Appeals dismissed the appeal. No. 22-1650-cv (2d Cir. May 8, 2023); see ECF 1:21-CV-8071, 43 (mandate). The Court of Appeals held that Plaintiff's claims for injunctive and declaratory relief were moot because the challenged vaccination requirements had expired, and there was no evidence in the record to suggest that the City would likely reinstate the restrictions. ECF 1:21-CV-8071, 43, at 2-4.

The Court of Appeals further held that the repeal of the policies did not render Plaintiff's claims for money damages moot, but it found that Plaintiff lacked standing to bring them. Specifically, the Court of Appeals determined that he failed to allege an injury in fact as a result of EEO 225's restrictions on unvaccinated people entering certain indoor facilities. According to the court,

> The Amended Complaint merely alleges, in a conclusory fashion, that Plaintiff was "banned from . . . tens of thousands of public places throughout the city." There is no allegation that Abadi ever attempted to enter an establishment and was turned away, or that he was denied any service because of the policy; his alleged injury is entirely "conjectural or hypothetical."

ECF 1:21-CV-8071, 43, at 5 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)).

The Court of Appeals also held that Plaintiff lacked standing to challenge the City's employment vaccination requirement because he did not allege that he was a City employee, or that he applied for employment with the City, or was denied employment with the City. The court explicitly rejected Plaintiff's assertion that he has standing because "he was interested in applying for employment with the City but decided against it because of the vaccination requirement." *Id.* at 6. The court concluded, "Abadi was not prevented from applying for a job because he was unvaccinated; he simply chose not to apply." *Id.* His alleged injury was "purely

8

hypothetical" and insufficient to confer standing. *Id.* The Court of Appeals dismissed the appeal, but vacated the district court's judgment and remanded the case to the district court with instructions to enter a judgment of dismissal without prejudice. *Id.*

In response to the Court of Appeals' order, by order dated July 5, 2023, Judge Engelmayer granted the City's motion to dismiss without prejudice. That order stated,

> Abadi is therefore not precluded by the dismissal of his claims in this litigation to pursue a new action challenging, *inter alia*, extant city vaccination polices. However, such an action must be brought in a separate lawsuit. As the Circuit noted, "both the Key to NYC program and the City's employment vaccination requirement have expired." Any challenge that Abadi may bring, therefore, would be directed to a new policy, and properly must be the subject of a new lawsuit.

ECF 1:21-CV-8071, 45.

While this action appears to be Plaintiff's attempt to respond to the dismissal of his previous case without prejudice, Plaintiff challenges the same policies and sets forth substantially the same set of facts as he did in the prior action.

## DISCUSSION

**A.    Standing**

Plaintiff appears to assert two sets claims based on separate but overlapping injuries. First, he alleges that the City Defendants, "aided and abetted" by the other defendants, enacted policies that discouraged him from applying from a job with the City and prevented him from visiting various indoor entertainment facilities because he was unvaccinated.[5] Second, he appears to allege that the Federal Defendants, the WHO, the Social Media Defendants, EHA, and

---

[5] Although Plaintiff's claims seeking an injunction preventing the City Defendants from implementing the vaccination mandates are moot for the reasons stated by the Court of Appeals in this prior action, *see* ECF 1:21-CV-8071, 43, at 2-4, his claims for money damages arising from implementation of the vaccine mandates were not mooted by the repeal of the policies. *See id.* at 4.

9

the Pharmaceutical Defendants put forth information and guidance that Plaintiff believes was inaccurate or misleading. As discussed below, Plaintiff lacks standing to bring either of these sets of claims.

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Standing is, therefore, "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560-61). "The party invoking federal jurisdiction bears the burden" of establishing standing. *Lujan*, 504 U.S. at 561. At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc.*, 578 U.S. at 338

The injury-in-fact requirement is "first and foremost" among the three elements of standing. *Id.* (internal quotation marks omitted). An injury in fact consists of "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted) (citations omitted). A harm is "concrete" if it actually exists and is "particularized" if it affects the plaintiff personally and individually. *Spokeo, Inc.*, 578 U.S. at 339-40. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* at 339 (2016) (citing *Lujan*, 504 U.S. at 560 n.1). In contrast, "when the asserted harm is a generalized grievance shared in

10

substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499.

An "actual" injury is one that has already occurred, while a plaintiff seeking to show an injury is "imminent" must demonstrate that the harm is "certainly impending," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted), or that there is a "substantial risk the harm will occur," *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2021) (internal quotation marks omitted). A plaintiff cannot establish a harm is "imminent" through bare allegations "of possible future injury" contingent on a "highly attenuated chain of possibilities." *Clapper*, 568 U.S. at 409-10.

1. Claims arising from the City's Vaccine Mandates

The primary injury that Plaintiff complains of is his allegation that he wanted to apply for a position with the City's Department of Sanitation, but he did not do so because the job listing stated that all new hires must be vaccinated or have been granted an accommodation. (ECF 1, at 22-23.) However, the Court of Appeals in Plaintiff's prior case explicitly held that these allegations are insufficient to demonstrate an injury in fact. *See* ECF 1:21-CV-8071, 43, at 6. Plaintiff's allegations in his prior action were nearly identical to those he offers here.[6] The Court of Appeals rejected Plaintiff's contention that he has standing to bring his claims based on his allegation that "he was interested in applying for employment with the City but decided against it because of the vaccination requirement." *Id.* Here, as in his prior action, "[Plaintiff] was not prevented from applying for a job because he was unvaccinated; he simply chose not to apply."

---

[6] Specifically, Plaintiff alleged in the prior action, "Plaintiff was interested in an available job with the City of New York's Department of Sanitation, as a contract manager, which has been this Plaintiff's line of work for about thirty years. Plaintiff attempted to apply for that job, but was not permitted to even apply for this job as he is not vaccinated." ECF 1:21-CV-8071, 22, at 7.

*Id.* Because Plaintiff's allegations in this action are virtually identical to those deemed insufficient in No. 21-CV-8071, this Court holds that his alleged injury is "purely hypothetical and does not confer standing." *Id.* (quoting *Spokeo*, 578 U.S. at 339.)

Plaintiff also states that he was unable to visit a movie theater, frequent restaurants, go to the gym, or visit a "multitude of indoor venues" because of the City's vaccine mandate. (ECF 1, at 57.) These allegations do not appear to be a focus of the complaint and it is unclear whether Plaintiff intends to assert claims based on this alleged injury. In any event, the Court of Appeals' decision in Plaintiff's prior action forecloses his assertion that his generalized inability to visit various City establishments constitutes an injury in fact. Here, as in Plaintiff's prior action, "[t]here is no allegation that [Plaintiff] ever attempted to enter an establishment and was turned away, or that he was denied any service because of the policy; his alleged injury is entirely 'conjectural or hypothetical.'" ECF 1:21-CV-8071, 43, at 5 (quoting *Spokeo*, 578 U.S. at 339).

Plaintiff therefore lacks standing to bring claims arising from his alleged inability to apply for a job with the City or his inability to visit various indoor City establishments. He specifically lacks standing to bring his "direct" claims against the City Defendants or his claims that the remaining defendants "aided and abetted" the City Defendants in denying his rights.

2.      Claims arising from dissemination of "misinformation"

Plaintiff also asserts claims against the non-City Defendants that appear unrelated to the City's vaccine mandates. Plaintiff alleges that non-City defendants, including the Federal Defendants, the WHO, and the Pharmaceutical Defendants "actively promoted Covid-19 vaccines" while allegedly concealing side effects and "misrepresenting [the] efficacy" of the vaccines. (ECF 1, at 29.) He maintains that the EHA "engineered" the Covid-10 virus (*id.* at 48), while the Social Media Defendants "censored dissenting views" that contradicted the "official narrative" about the vaccine (*id.* at 29).

Any alleged injuries Plaintiff sustained as a result of these actions are not concrete and particularized. They have not affected Plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Instead, any alleged injuries sustained as a result of these defendants' actions are generalized grievances that Plaintiff "suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno.*, 547 U.S. 332, 345 (2006). Plaintiff therefore lacks standing to bring his claims against the United States, CDC, Walensky, NIH, Fauci, WHO, Pfizer, Moderna, EHA, X Corp., Alphabet, and Meta.

For the reasons discussed above, the Court dismisses this action without prejudice for lack of standing.

**B.   Leave to Amend is Denied**

Plaintiff is an experienced litigator who has litigated at least ten other cases in this court, most of which asserting claims arising from the response of governments and businesses to the Covid-19 pandemic.[7] Furthermore, the Court of Appeals has previously held that Plaintiff lacked standing to bring substantially similar claims to those he asserts here, and, in filing this complaint, Plaintiff failed to cure those deficiencies. In light of this litigation history, the Court finds that Plaintiff was or should have been aware when he filed this complaint that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

---

[7] *See, e.g.*, *Abadi v. Biden*, No. 23-CV-8440 (LTS) (S.D.N.Y. Nov. 6, 2023) (dismissed for lack of standing); *Abadi v. American Airlines Inc.*, No. 23-CV-4033 (LJL) (S.D.N.Y.); *Abadi v. Apple, Inc.*, No. 23-CV-3367 (PGG) (VF) (S.D.N.Y.); *Abadi v. British Airways PLC*, No. 21-CV-10825 (PGG) (SN) (S.D.N.Y. May 2, 2023) (voluntarily dismissed); *Abadi v. NYU Langone Health System*, No. 21-CV-11073 (RA) (GWG) (S.D.N.Y. second amended complaint filed Apr. 24, 2024).

Because was on notice at the time he filed this action that he lacked standing to bring his claims, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action without prejudice for lack of standing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge